HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATRINA RUCKER,

       Plaintiff,

   v.

HEALTHPOINT,

       Defendant.

Case No. 22-00621-RAJ

**ORDER DENYING
APPLICATION
TO PROCEED IN FORMA
PAUPERIS AND DISMISSING
CASE**

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*, her Motion for Temporary Restraining Order, and on review of the proposed complaint. This is the second case filed by Plaintiff regarding alleged mistreatment by health care providers. *See Rucker v. State of Washington*, Case No. 22-cv-5298-RJB (W.D. Wash. May 3, 2022). The Court has considered the pleadings filed regarding the application and motion and the remaining file and **DISMISSES** the complaint for lack of jurisdiction. Plaintiff's Application to proceed *In Forma Pauperis* and her Motion for Temporary Restraining Order are also **DENIED**. Dkt. 1; Dkt. 2.

## I.    Sua Sponte Screening Pursuant to 28 USC § 1915(e)(2)(B)

On May 5, 2022, Plaintiff filed a proposed civil complaint and an Application to Proceed in Forma Pauperis ("IFP"). Dkt. 1. She also filed a Motion for Temporary Restraining Order ("TRO"). Dkt. 2. In her motion for a TRO, Plaintiff moves for an

ORDER – 1

"anti-harassment order to prohibit any Healthpoint employee ... from any form of contact" with her and to cease reading her emails, listening in on her phone calls, and to "remove all listening and/or monitoring devices involving [her]." Dkt. 2.

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... (ii) fails to state a claim on which relief may be granted.").

### A.    Jurisdiction

Plaintiff has the burden of demonstrating jurisdiction by showing "the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). District courts possess federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). District courts also possess subject-matter jurisdiction when the requirements for "diversity of citizenship" are met under 28 U.S.C. § 1332. To establish diversity jurisdiction, no defendant must have the same citizenship as any plaintiff, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *Id.*

ORDER – 2

After reviewing the pleadings, the Court concludes that it lacks jurisdiction. Plaintiff references a "violation of civil rights, federal right to decide and make life choices removed without cause or merit." Dkt. 1-1. Her complaint does not otherwise identify a provision of the U.S. Constitution or any federal statutory right that has been violated. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986). This fails to establish federal question jurisdiction under the well pleaded complaint rule. Plaintiff also fails to meet the requirements for diversity jurisdiction because Plaintiff and Defendant are both residents of Washington. Accordingly, the action is **DISMISSED**.

**B.     Review of the Complaint**

Even if it had jurisdiction, the Court would also be required to dismiss the complaint. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The complaint is largely the same as the one dismissed in *Rucker v. State of Washington*, Case No. 22-cv-5298-RJB (W.D. Wash. May 3, 2022). This complaint replaces seemingly replaces all references to the State of Washington with Healthpoint and attaches a nearly identical "Statement of Claim" to the proposed complaint. In these two pleadings, which will be construed together as the proposed complaint, Plaintiff alleges that a "mentally ill, homosexual," black, male employee of the Healthpoint has been stalking her and "wants to 'be [her].' " Dkt. 2 at 1. She asserts that he has access to "listening technology" that he uses as a means to "mentally and physically torture [her] person." *Id*. Plaintiff maintains that she has reported his behavior and that of "other unauthorized civilians" to Healthpoint and it refuses to respond. *Id*. She states that she is

ORDER – 3

"in hiding, unable to find a safe place to live, unable to find work, ... attend church ... and even not able to get medical care." *Id*.

In support of her complaint, Plaintiff alleges that, in 2020, the Healthpoint employee "entered [her] medical appointment without [her] consent and began having sex with the medical provider ... in the middle of the appointment." Dkt. 2 at 2. She alleges that she changed medical providers and he followed her there. *Id*. She says that this employee and her brother then tried to have her committed to a mental institution. *Id*. at 2. She asserts that she passed a competency evaluation, but he and a panel of doctors are still telling people they are going to "lock her up." *Id*. Plaintiff then alleges that this Healthpoint employee contacted out-of-state family, pretended to be a doctor, lied about her, and paid them with "money, drugs," and "sexual favors (with men and women ...) to misrepresent [her] physical and mental status." *Id*.  She maintains that Healthpoint employees and associates placed cameras in her living space, have been reading her emails, listening to her phone calls and contacting everyone she encounters and telling them that she was "mentally retarded, crazy, insane 'his' ward, and they were required to wear a Washington State listening device in [her] presence." *Id*. Plaintiff contends that as a result, she has suffered physical pain, can't find a place to live, work or worship, or get medical care. *Id*. at 3. She identifies her claim as "violation of civil rights" and seeks $1,000,000 in damages. Dkt. 1-1.

After review, the Court concludes that the complaint is frivolous. While the facts alleged in a complaint should generally be accepted as true for purposes of entering a judgment on the pleadings, clearly baseless factual contentions may be dismissed as frivolous under section 1915. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Section 1915(d) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id*. at 31. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

ORDER – 4

noticeable facts available to contradict them. *Id*. Such a finding is appropriate here given Plaintiff's allegations.

### C.      Standard for Granting Application for IFP

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), *quoting Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Plaintiff states that she has $751 in income and no assets. Dkt. 1. But, as stated above, the Court lacks jurisdiction to consider the Plaintiff's claim for damages. Further, based upon the above analysis of the deficiencies in the proposed complaint, the Court **DENIES** Plaintiff's application to proceed IFP. The proposed complaint also provides no legal ground for the Court to grant the TRO. Therefore, the pending motion for TRO is also **DENIED**.

Accordingly, it is ORDERED that:

(1) Plaintiff's Application to Proceed IFP (Dkt. 1) IS **DENIED**;

(2) Plaintiff's Motion for a Temporary Restraining Order (Dkt. 2) IS **DENIED**;

(3) The case is **DISMISSED**.

DATED this 11th day of May, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5